# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ROYLEE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV414-040 |
| | ) | |
| JUDGE LOUISA ABBOT | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Roylee Smith, who is serving a state prison sentence, has filed an action pursuant to 42 U.S.C. § 1983 seeking damages against Superior Court Judge Louisa Abbot for allegedly misstating certain facts in the sentencing order and failing to sign page three of that document.[1] (Doc. 1 at 5.) He also claims that she "violated [his] right to defensive counsel." (*Id.*) His case must be dismissed.

Judge Abbot is absolutely immune from any claim for damages as to actions taken within her judicial capacity. *See, e.g., McBrearty v. Koji,*

---

[1] This case is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which permits a district court to dismiss *sua sponte* an IFP plaintiff's complaint that is frivolous or malicious, fails to state a claim for relief, or seeks monetary damages from a defendant immune from such relief. *See also* 28 U.S.C. § 1915A.

348 F. App'x 437, 439 (11th Cir. 2009) ("Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Mireles v. Waco*, 112 S. Ct. 286, 288 (1991). A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction."). Plaintiff fails to allege any facts suggesting that the judge acted in the absence of all jurisdiction.

Even if Judge Abbot is not entitled to judicial immunity, Smith's claim is premature. A § 1983 damages claim that calls into question the lawfulness of a conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. *Id.* at 484-86. Thus, *Heck* held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.

Smith claims that he "was illegally sentenced" by Judge Abbot and that she "committed perjury" in imposing his 10-year sentence. (Doc. 1 at 5.) Any victory in this litigation would necessarily imply the invalidity of his state sentence. Until his conviction or sentence has been overturned or set aside, Smith's claim is simply not cognizable under § 1983.

For all of the reasons explained above, Smith's § 1983 action should be **DISMISSED**. He must also pay the Court's filing fee. Based upon his furnished information, he owes no partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches

$10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, Rice's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this __23rd__ day of June, 2014.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA